# EXHIBIT 2

| | |
|---|---|
| 1 | SQUIRE, SANDERS & DEMPSEY L.L.P. |
|   | Mark C. Dosker (CA Bar #114789) |
| 2 | Michael W. Kelly (CA Bar #214038) |
|   | Joseph A. Meckes (CA Bar # 190279) |
| 3 | Angela N. O'Rourke CA Bar #211912) |
|   | Anna L. Endter (CA Bar #221610) |
| 4 | One Maritime Plaza, Third Floor |
|   | San Francisco, CA 94111-3492 |
| 5 | Telephone:   +1.415.954.0200 |
|   | Facsimile:    +1.415.393.9887 |
| 6 | |
| 7 | Attorneys for Defendants |
|   | CINTAS CORPORATION and PLAN |
|   | ADMINISTRATOR FOR THE CINTAS |
| 8 | PARTNERS' PLAN |
| 9 | LERACH COUGHLIN STOIA GELLER |
|   | RUDMAN& ROBBINS LLP |
| 10 | Theodore J. Pintar (CA Bar # 131372) |
|   | Steven W. Pepich (CA Bar # 116086) |
| 11 | James A. Caputo (CA Bar # 120485) |
|   | Lawrence A. Abel (CA Bar # 129596) |
| 12 | Helen I. Zeldes (CA Bar # 220051) |
|   | 401 B Street, Suite 1600 |
| 13 | San Diego, CA 92101 |
|   | Telephone:   +1.619.231.1058 |
| 14 | Facsimile:    +1.619.213.7423 |
| 15 | Attorneys for Plaintiffs |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(Oakland Division)

| | |
|---|---|
| PAUL VELIZ, et al, On behalf of Themselves and All Others Similarly Situated. | Case No. 03-01180 (SBA) |
| | [E-FILING] |
| Plaintiffs, | |
| | CLASS ACTION |
| vs. | |
| | JOINT STATEMENT OF THE PARTIES IN RESPONSE TO THE COURT'S SEPTEMBER 27, 2005 ORDER |
| CINTAS CORPORATION, an Ohio corporation; PLAN ADMINISTRATOR for the Cintas Partners' Plan; and DOES 1-25, inclusive, | |
| | Date:     October 18, 2005 |
| Defendants. | Time:     2:00 p.m. |
| | Courtroom:  3 |

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

JOINT STATEMENT IN RESPONSE TO COURT'S
SEPTEMBER 27, 2005 ORDER – CASE NO. 03-01180

SF#162477

## I. INTRODUCTION AND SCOPE OF STATEMENT

In its September 27, 2005 Order, the Court ordered the parties to meet and confer and "to submit a Joint Stipulation identifying: a) which plaintiffs may litigate their claims before this Court, b) which plaintiffs are required to arbitrate their claims, and c) which plaintiffs the parties are unable to agree fall in either of the two categories."

Without waiving or altering any of the parties' positions as previously set forth in the record and without waiving or altering any objections or arguments to the characterizations as phrased in the record, the parties submit this Joint Statement. To facilitate the Court's consideration of the record on the pending motions, this Joint Statement subdivides the list of "disputed" plaintiffs according to the nature of the pending dispute.

Nothing in this Joint Statement constitutes any agreement or consent by Cintas that the opt-in plaintiffs identified in Exhibits D through H hereto may be compelled to arbitrate under Section 4 of the Federal Arbitration Act "FAA") or that Cintas has somehow submitted that question to this Court. Cintas states that, as to those persons listed in Exhibit E through H, it has only moved to stay under Section 3 of the FAA. Plaintiffs disagree for the reasons stated in their briefs to this Court.

## II. JOINT STATEMENT OF IDENTITY OF PLAINTIFFS BY GROUPS

### A. PLAINTIFFS WHO MAY LITIGATE THEIR CLAIMS IN THIS COURT

Attached as Exhibit A is a list of those plaintiffs who the parties agree may pursue their claims in Court as opposed to in arbitration.

### B. OPT-IN PLAINTIFFS WHO ARE REQUIRED TO ARBITRATE AND WHO MAY NOT LITIGATE

The arbitration agreements at issue in this case are described by the abbreviations used in the attached lists. A key to the abbreviations and citation to where the text of such agreement may be found in the record is attached as Exhibit B.

### 1. Opt-in Plaintiffs Expressly Compelled to Arbitrate Under Court's April 5, 2004 Order

Attached hereto as Exhibit C is a list of those plaintiffs expressly compelled to arbitrate in the Court's April 5, 2004 Order compelling arbitration.

### 2. Opt-in Plaintiffs Whom the Parties Agree are Within the Scope of the June 9, 2004 Stipulation and Order

Attached hereto as Exhibit D is a list of those plaintiffs whom the parties agree are within the scope of the Court's June 9, 2004 Stipulation and Order compelling arbitration. As set forth in the parties' respective papers, the parties dispute whether the June 9, 2004 Stipulation and Order compelled any other plaintiffs to arbitration and the legal effect of that Stipulation and Order.

### 3. Opt-in Plaintiffs Otherwise Subject to Enforceable Arbitration Agreements

Without prejudice to and without waiving or altering any of the positions set forth in the parties' respective moving papers or responses thereto, the parties state that the plaintiffs listed in Exhibit E are subject to enforceable arbitration agreements under the guidelines previously established by this Court.

## C. PLAINTIFFS AS TO WHOM THE PARTIES DISPUTE

### 1. Louisiana Plaintiffs

Attached hereto as Exhibit F is a list of opt-in plaintiffs as to whom Cintas contends that it has moved to stay only, and whose arbitration agreements plaintiffs contend are unenforceable under Louisiana law.

### 2. Arizona Plaintiffs

Attached hereto as Exhibit G is a list of opt-in plaintiffs as to whom Cintas contends that it has moved to stay only, and whose arbitration agreements plaintiffs contend are unenforceable under Arizona law.

### 3. Pennsylvania Plaintiffs

Attached hereto as Exhibit H is a list of opt-in plaintiffs as to whom Cintas contends that it has moved to stay only, and whose arbitration agreements plaintiffs contend are unenforceable under Pennsylvania law.

### 4. Last Place Worked / Law Governing Clause

Attached hereto as Exhibit I is a list of plaintiffs as to whom the parties disagree as to the applicable law-governing clause and the effect of state law on the enforceability of the arbitration agreements. .

### 5. Plaintiffs Alleging Procedural Unconscionability

Attached hereto as Exhibit J is a list of six (6) opt-in plaintiffs who have submitted declarations in connection with Plaintiffs' Motion (Docket Nos. 451 and 443) challenging the arbitration agreements between themselves and Cintas as procedurally unconscionable. Cintas has opposed Plaintiffs' motion. (Docket Nos.463, 465-471).

### 6. Plaintiffs Subject to Venue Motion

There are 36 plaintiffs who are subject to Cintas' Motion to Dismiss as to Certain Opt-in Plaintiffs for Improper Venue, etc." (Docket Nos.433, 435). Plaintiffs oppose that motion (Docket Nos. 478). Those 36 plaintiffs are listed in Exhibit K hereto.

Dated: September 29, 2005          SQUIRE, SANDERS & DEMPSEY L.L.P.

By: _____/s/_____
Mark C. Dosker

Attorneys for Defendants CINTAS CORPORATION and PLAN ADMINISTRATOR FOR THE CINTAS PARTNERS' PLAN

Dated: September 29, 2005          LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP

By: _____/s/_____
Steven W. Pepich

Attorneys for Plaintiffs PAUL VELIZ, et al.