# EXHIBIT 3

2

```
 1   SQUIRE, SANDERS & DEMPSEY, LLP
     BY:   MARK C. DOSKER,
 2        ATTORNEY AT LAW
     ONE MARITIME PLAZA, SUITE 300
 3   SAN FRANCISCO, CALIFORNIA  94111-3492
     TEL (415) 954-0200
 4   DIRECT (415) 954-0210
     FAX (415) 393-9887
 5   MDOSKER@SSD.COM

 6   REPORTED BY:  STARR A. WILSON, CSR 2462

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1   OAKLAND, CALIFORNIA; TUESDAY, OCTOBER 18, 2005; 3:00 P.M.,

2   DEPARTMENT THREE, THIRD FLOOR; SAUNDRA BROWN ARMSTRONG,

3   JUDGE

4                              -oOo-

5            THE CLERK:   ALL RISE.   THIS COURT IS NOW IN

6   SESSION.   THE HONORABLE SAUNDRA BROWN ARMSTRONG PRESIDING.

7   PLEASE BE SEATED.

8            CALLING CIVIL 03-1180, VELIZ VS. CINTAS

9   CORPORATION.

10           MR. RUBIN:   GOOD AFTERNOON, YOUR HONOR.   MICHAEL

11  --

12           THE COURT:   GOOD AFTERNOON.

13           MR. RUBIN:   GOOD AFTERNOON, YOUR HONOR.   MICHAEL

14  RUBIN FOR THE PLAINTIFFS.

15           THE COURT:   GOOD AFTERNOON, MR. RUBIN.

16           MR. PEPICH:   GOOD AFTERNOON, YOUR HONOR.   STEVEN

17  PEPICH FOR CINTAS.

18           THE COURT:   STEPHEN PEPICH, GOOD AFTERNOON.

19           MR. PEPICH:   GOOD AFTERNOON.

20           MS. GOLDSMITH:   EILEEN GOLDSMITH FOR CINTAS.

21           THE COURT:   EILEEN GOLDSMITH.   GOOD AFTERNOON, MS.

22  GOLDSMITH.

23           MR. DOSKER:   GOOD AFTERNOON, YOUR HONOR.   MARK

24  DOSKER FOR CINTAS.

25           MS. O'ROURKE:   OKAY.   GOOD AFTERNOON, YOUR HONOR.

4

1   ANGELA O'ROURKE ALSO APPEARING FOR CINTAS.

2          **THE COURT:**  OKAY.  GOOD AFTERNOON.

3          OKAY.  I APPRECIATE YOUR BEING AVAILABLE THIS

4   AFTERNOON.  I NEEDED A LITTLE MORE TIME TO KIND OF GO

5   THROUGH AND SORT OUT SOME OF THE MATERIAL THAT YOU ALL HAVE

6   SUBMITTED SINCE THERE IS QUITE A BIT.

7          WHAT I THOUGHT I WOULD DO TODAY IS TO KIND OF GO

8   THROUGH WITH YOU WHAT MY INCLINATIONS ARE WITH RESPECT TO

9   SOME OF THESE ISSUES, AND -- AND WHAT MY RULINGS ARE WITH

10  RESPECT TO OTHERS.  AND THEN TELL YOU WHAT MY QUESTIONS ARE

11  WITH RESPECT TO OTHERS.  AND THAT WAY YOU ALL CAN FOCUS YOUR

12  ORAL ARGUMENT ON -- ON ANY OR ALL OF THAT.

13         UM, FIRST OF ALL, FOR THE RECORD, IF THIS MATTER

14  COMES BEFORE THE COURT ON -- ON DEFENDANT'S MOTION TO STAY

15  PROCEEDINGS PURSUANT TO TITLE NINE, UNITED STATES CODE,

16  SECTION THREE, AS TO CERTAIN OPT-IN PLAINTIFFS WHO ARE NOT

17  SUBJECT TO THE COURT'S APRIL 5, 2004 ORDER.

18         SECOND, PLAINTIFF'S MOTION CONCERNING COMPLIANCE

19  WITH COURT ORDERS REGARDING WHICH PLAINTIFFS MUST ARBITRATE

20  AND WHICH PLAINTIFFS MAY LITIGATE THEIR NON-ERISA OVERTIME

21  WAGE CLAIMS.

22         THIRD, DEFENDANT'S MOTION TO DISMISS AS TO CERTAIN

23  OPT-IN PLAINTIFFS FOR IMPROPER VENUE.  OR, IN THE

24  ALTERNATIVE, TO TRANSFER FOR IMPROPER VENUE OR, IN THE

25  ALTERNATIVE, TO TRANSFER IN THE INTERESTS OF JUSTICE AND

1   CONVENIENCE.

2        AND, FOURTH, PLAINTIFF'S MOTION FOR LEAVE TO FILE

3   A SECOND AMENDED COMPLAINT.

4        NOW, BASED UPON THE BRIEFING SUBMITTED BY THE

5   PARTIES, THE JOINT STATEMENT FILED IN SEPTEMBER, THE COURT

6   SUMMARIZES THE PERTINENT ISSUE AS FOLLOWS:

7        FIRST OF ALL, THE PARTIES, THE COURT'S

8   UNDERSTANDING IS, THE PARTIES HAVE REACHED AGREEMENT

9   REGARDING WHICH PLAINTIFFS MAY LITIGATE AND WHICH ARE

10  SUBJECT TO ENFORCEABLE ARBITRARY PROVISIONS; SPECIFICALLY,

11  (1), THE PARTIES HAVE AGREED THAT 444 PLAINTIFFS MAY

12  LITIGATE THEIR CLAIM BEFORE THIS COURT.  THAT'S IN THE JOINT

13  STATEMENT.

14       WELL, IF THERE'S A DISPUTE, WE CAN SPEAK TO THAT.

15  I WANT TO SUMMARIZE MY UNDERSTANDING SO YOU ALL CAN TELL ME

16  IF THAT'S CORRECT.

17       SECOND, PURSUANT TO THE COURT'S APRIL 5, 2004

18  ORDER, 55 PLAINTIFFS ARE COMPELLED TO ARBITRATE THEIR

19  CLAIMS.

20       THIRD, PURSUANT TO THE COURT'S JUNE 9, 2004 ORDER,

21  STIPULATION AND ORDER -- EXCUSE ME -- THE COURT'S JUNE 9,

22  2004 STIPULATION AND ORDER COMPELLING ARBITRATION OF OPT-IN

23  PLAINTIFFS FROM ALABAMA, FLORIDA, KENTUCKY AND NEVADA, THE

24  PARTIES AGREED, 11 PLAINTIFFS ARE COMPELLED TO ARBITRATE

25  THEIR CLAIMS.

1    NEXT, THE PARTIES AGREE THAT 1,700 PLAINTIFFS ARE

2 SUBJECT TO ENFORCEABLE ARBITRATION AGREEMENTS.

3    AND THOSE ARE THE ISSUES THAT THE PARTIES HAVE

4 REACHED AGREEMENT REGARDING SO FAR; IS THAT CORRECT?

5    MR. DOSKER:  YOUR HONOR, ON THE LAST ONE, THE

6 17200 -- THE 1700 --

7    THE COURT:  YES.

8    MR. DOSKER:  -- WHICH IS, I BELIEVE, YOUR HONOR'S

9 REFERRING TO EXHIBIT E TO THE JOINT STATEMENT.

10    THE COURT:  RIGHT.

11    MR. DOSKER:  I WANT TO JUST EMPHASIZE --

12    THE COURT:  JOINT STATEMENT IS ON PAGE TWO, 12 TO

13 15 AND EXHIBIT E.

14    MR. DOSKER:  YES, YOUR HONOR.  I JUST WANT TO

15 EMPHASIZE AS IS SET FORTH ON PAGE ONE OF THE JOINT

16 STATEMENT, THAT THAT LIST, WHILE THE PARTIES AGREE THAT THEY

17 HAVE ENFORCEABLE ARBITRATION AGREEMENTS UNDER SECTION TWO OF

18 THE FEDERAL ARBITRATION ACT, CINTAS VERY STRONGLY SUBMITS

19 THAT IT HAS MOVED ONLY TO STAY AS TO THEM, NOT AS TO COMPEL

20 UNDER SECTION FOUR; AND THAT, THEREFORE, THEY CAN ONLY BE

21 STAYED, NOT COMPELLED, BY THIS COURT.  THE PLAINTIFFS HAVE A

22 DIFFERENT VIEW AS SET FORTH IN THEIR BRIEF.

23    THE COURT:  RIGHT.  WELL, WHAT I'M READING IS

24 BASICALLY WHAT YOU HAVE IN HERE, IN YOUR JOINT STATEMENT

25 THAT YOU AGREE THAT 1700 PLAINTIFFS ARE SUBJECT "TO

1  ENFORCEABLE ARBITRATION AGREEMENTS".

2       I'LL GET INTO THE LEGAL ISSUES IN TERMS IF YOU

3  HAVE AN ISSUE.  BUT IS THAT WHAT YOU HAVE IN YOUR JOINT

4  STATEMENT NOT CORRECT?

5       MR. DOSKER:  NO, THAT IS CORRECT.

6       THE COURT:  OKAY.  WELL, THEN THAT'S ALL I KNOW IF

7  IT IS CORRECT.

8       MR. DOSKER:  BUT IT IS MODIFIED BY WHAT IS IN THE

9  JOINT STATEMENT, PAGE ONE, LINES 11 TO 16.  AND THAT HAS THE

10 FUNDAMENTAL QUESTION OF WHAT'S THE LEGAL OUTCOME?

11      THE COURT:  WHAT IS THE PURPOSE OF WHAT YOU HAVE

12 AT PARAGRAPH -- AT PAGE TWO LINES 12 TO 15 IN EXHIBIT E?

13      MR. DOSKER:  THE PURPOSE OF PAGE -- OF THAT --

14      THE COURT:  PAGE TWO, LINES 12 TO 15.

15      MR. DOSKER:  YES, YOUR HONOR.  THAT IS TO CONVEY

16 TO YOUR HONOR THAT THE PARTIES AGREE THAT THERE ARE

17 ENFORCEABLE ARBITRATION AGREEMENTS SENT TO THOSE PEOPLE BUT

18 THE DISPUTE IS OVER.

19      THE COURT:  RIGHT.  AND THAT'S ALL I SAID.  THAT'S

20 ALL I SAID.  I DON'T WANT TO GET INTO A DISCUSSION OF

21 SEMANTICS.  I'M JUST READING WHAT YOU ALL HAVE PROVIDED ME

22 IN YOUR JOINT STATEMENT AND SAYING THAT'S WHAT YOU ALL HAVE

23 AT LEAST REPRESENTED TO ME THAT YOU AGREE.

24      MR. DOSKER:  YES, YOUR HONOR.

25      THE COURT:  I'M NOT -- I'VE NOT IDENTIFIED ALL THE

1    ISSUES YET.  I HAVEN'T EVEN GOT INTO THE BEGINNING YET.  I

2    JUST GOT INTO THE WHAT I CONSIDER THE AGREEMENT BASED ON

3    WHAT YOU HAVE ALL HAVE TOLD ME IN YOUR -- IN THIS JOINT

4    STATEMENT.  AND SO, UM, AS I UNDERSTAND IT, THAT THAT --

5    THOSE ARE THE AGREEMENTS; IS THAT CORRECT?

6            MR. DOSKER:  YES.

7            THE COURT:  AS SET FORTH ARE THE PARTICULAR

8    AGREEMENTS UNDER WHAT YOU HAVE HERE AS YOU STATED ON PAGE

9    TWO --

10           MR. DOSKER:  CORRECT.

11           THE COURT:  -- LINES 12 TO 15.

12           MR. DOSKER:  YES.  SUBJECT TO WHAT WE HAVE SAID ON

13   PAGE ONE, LINES 11 TO 16, YES, YOUR HONOR.

14           THE COURT:  YOU DON'T HAVE THAT IN PARAGRAPH ON

15   PAGE TWO, LINES 12 TO 15.  I'M JUST READING WHAT YOU HAVE ON

16   PAGE TWO, LINES 12 TO 15, IN TERMS OF WHAT YOU'VE AGREED TO.

17   THAT'S WHAT I TOLD YOU ALL TO SUBMIT.  THAT'S WHAT YOU

18   SUBMITTED.  AND THAT'S WHAT YOU SAID.  AND THAT'S WHAT I'M

19   SAYING NOW.  OKAY.

20           ANYTHING ELSE THAT -- THAT YOU DIDN'T STATE

21   CORRECTLY?

22           MR. RUBIN:  YOUR HONOR, PLAINTIFF'S AGREE THAT

23   YOUR STATEMENT OF THE AGREEMENT IS ACCURATE AND CORRECT.

24           THE COURT:  OKAY.  THANK YOU.

25           NOW, THE PARTIES REMAIN IN DISPUTE TO SOME EXTENT

1    REGARDING WHICH PLAINTIFFS MAY LITIGATE AND WHICH ARE

2    SUBJECT TO ENFORCEABLE ARBITRATION PROVISIONS; SPECIFICALLY,

3    FIRST, PLAINTIFF'S ARGUE THE ARBITRATION AGREEMENTS ARE

4    UNENFORCEABLE UNDER ARIZONA, LOUISIANA AND PENNSYLVANIA LAW;

5    THUS PLAINTIFFS CONTEND PLAINTIFFS FROM THOSE STATES WHICH

6    ARE, I THINK 196 PLAINTIFFS, MUST LITIGATE THEIR CLAIMS.

7              NEXT, THE PARTIES DISPUTE THE APPLICABLE LAW

8    GOVERNING CLAUSE, AND THE EFFECT OF STATE LAW ON THE

9    ENFORCEABILITY OF THE ARBITRATION AGREEMENTS AS TO TWO

10   PLAINTIFFS.

11             THIRD, PLAINTIFFS ALLEGE PROCEDURAL

12   UNCONSCIONABILITY AS TO SIX PLAINTIFFS.

13             AND THEN NEXT, DEFENDANTS SEEK TO DISMISS OR

14   TRANSFER 36 PLAINTIFFS FOR IMPROPER VENUE.

15             IS THAT CORRECT SO FAR?

16        MR. DOSKER:  YES, YOUR HONOR.

17        MR. RUBIN:  FROM PLAINTIFF'S PERSPECTIVE, YOUR

18   HONOR, THAT IS CORRECT.  MY NOTES HAD 170 LOUISIANA, ARIZONA

19   AND PENNSYLVANIA PLAINTIFFS.  BUT YOU ARE PROBABLY RIGHT.

20        THE COURT:  I HAVE 196.  LET ME JUST SEE.  AND I'M

21   LOOKING AT PAGE TWO, YOUR JOINT STATEMENT, PAGE TWO, LINES

22   17 TO 28, AND EXHIBITS F, G AND H.

23        MR. RUBIN:  I'M SURE I ADDED THEM INCORRECTLY.

24   BUT THOSE -- THOSE ARE THE LISTS.  AND THEY'RE IDENTIFIED.

25   AND IF THAT'S WHAT THEY ADDED UP TO.

10

1          **THE COURT:** OKAY.

2          **MR. RUBIN:** IT'S WHATEVER THEY ADD UP TO.

3          **THE COURT:** OKAY. THANK YOU. AND SO THE

4   COURT IS, UM, --

5          **MR. RUBIN:** JUST DOUBLE CHECK.

6          **THE COURT:** MR. DOSKER?

7          **MR. DOSKER:** WE'LL DOUBLECHECK THE NUMBERS.

8          **THE COURT:** OKAY. GOOD. THANK YOU. BECAUSE

9   THAT'S ALL WE DID WAS JUST ADDED IT UP. SO IF OUR ADDITION

10  IS INCORRECT, WE'LL CORRECT THE RECORD AFTER THE RECESS.

11         **MR. RUBIN:** IT'S PROBABLY INCORRECT.

12         **MR. DOSKER:** WE'LL AGREE IT'S WHATEVER THOSE

13  EXHIBITS ADD UP TO.

14         **THE COURT:** AND SO FROM MY PERSPECTIVE, THE COURT

15  IS FACED WITH THE FOLLOWING SIX DISPUTED ISSUES BY THE

16  PARTIES: THE FIRST ISSUE IS WHETHER THE 1700 PLAINTIFFS

17  LISTED IN EXHIBIT E OF THE JOINT STATEMENT, WHICH THE

18  PARTIES AGREE ARE SUBJECT TO ENFORCEABLE ARBITRATION

19  AGREEMENTS, MUST BE COMPELLED TO ARBITRATE OR WHERE THEIR

20  CLAIMS MAY BE STAYED BY THIS COURT.

21         THE SECOND ISSUE IS WHETHER THE ARBITRATION

22  AGREEMENTS ARE ENFORCEABLE UNDER THE LAWS OF LOUISIANA,

23  ARIZONA AND PENNSYLVANIA.

24         THE THIRD ISSUE IS WHETHER THERE WAS PROCEDURAL

25  UNCONSCIONABILITY AS TO SIX PLAINTIFFS.

1        THE FOURTH ISSUE, WHETHER THE DEFENDANTS MAY

2  EITHER DISMISS OR TRANSFER THE CLAIMS OF 36 PLAINTIFFS.

3        THE FIFTH ISSUE IS WHETHER PLAINTIFFS MAY BE

4  GRANTED LEAVE TO AMEND THEIR FIRST AMENDED COMPLAINT.

5        AND THEN THE SIXTH ISSUE IS WHAT THE APPLICABLE

6  LAW GOVERNING CLAUSE IS REGARDING THE TWO PLAINTIFFS LISTED

7  IN EXHIBIT ONE OF THE JOINT STATEMENT.

8        WITH RESPECT TO THE SIXTH ISSUE, I WILL SAY THERE

9  IS NO BRIEFING BEFORE THE COURT ON THIS ISSUE.  THE ONLY

10  EVIDENCE SUBMITTED TO THE COURT ON THE ISSUE ARE THE

11  DECLARATIONS OF MANAGER OF ACCOUNTING SERVICES FOR CINTAS

12  CORPORATION, STEVEN CHRISTENSON.

13        FROM PAYROLL RECORDS MAINTAINED BY CINTAS IN THE

14  REGULAR AND ORDINARY CASE OF ITS BUSINESS, MR. CHRISTENSON

15  HAS DETERMINED THE STATE WHERE EACH EMPLOYEE WAS WORKING

16  WHEN HE OR SHE RECEIVED HIS OR HER LAST PAYCHECK FROM

17  CINTAS.  AND THAT STAGE IS GEORGIA FOR BOTH PLAINTIFFS IN

18  EXHIBIT ONE.

19        SO IT'S NOT CLEAR ON WHAT BASIS PLAINTIFFS ARE

20  DISPUTING THE DETERMINATION THAT GEORGIA IS THE APPLICABLE

21  STATE, BUT YOU MAY ADDRESS THIS IN YOUR ORAL ARGUMENT IF YOU

22  CHOOSE TO.  IF NOT, UM, I WILL STATE THAT IT'S MY

23  INCLINATION WITH REGARD TO THAT ISSUE TO FIND, BASED UPON

24  WHAT I HAVE, THAT GEORGIA WILL BE THE STATE FOR THOSE

25  PERSONS IN THE ABSENCE OF YOUR ADDRESSING THE ISSUE.

1            **MR. RUBIN:**  THANK YOU, YOUR HONOR.

2            **THE COURT:**  NOW, I WILL STATE NOW, AND SO WITH

3    RESPECT TO THE ISSUES THAT I HAVE IDENTIFIED, THOSE ARE ALL

4    THE ISSUES THAT ARE BEFORE ME AT THIS POINT; IS THAT

5    CORRECT?

6            **MR. RUBIN:**  THAT IS CORRECT, YOUR HONOR.

7            **MR. DOSKER:**  I BELIEVE SO, YOUR HONOR, YES.

8            **THE COURT:**  SO I WILL NOW GO THROUGH AND STATE MY

9    INCLINATION WITH REGARD TO ISSUES NUMBER ONE THROUGH FIVE

10   SINCE I'VE ALREADY GIVEN YOU MY INCLINATION WITH RESPECT TO

11   NUMBER SIX.  AND IN THE CONTEXT OF THE MOTION, FOR THE FOUR

12   MOTIONS THAT ARE PENDING BEFORE THIS COURT, AND I WILL

13   INDICATE SPECIFIC QUESTIONS AS I INDICATE THEM AS I GO ALONG

14   IF I HAVE SPECIFIC QUESTIONS, WHICH QUESTIONS THAT YOU MAY

15   WANT TO INCORPORATE INTO YOUR DISCUSSION.

16           WITH RESPECT TO THE MOTION TO STAY, I AM INCLINED

17   TO GRANT THE DEFENDANT'S MOTION TO STAY.  THE COURT HAS NO

18   QUESTIONS REGARDING THIS MOTION AS THE PARTIES HAVE AGREED

19   THAT 1700 PLAINTIFFS ARE "SUBJECT TO ENFORCEABLE ARBITRATION

20   AGREEMENTS".  AND SINCE SECTION THREE OF THE FEDERAL

21   ARBITRATION ACT REQUIRES THIS COURT TO STATE FURTHER

22   PROCEEDINGS ONCE IT IS SATISFIED THAT PLAINTIFF'S CLAIMS ARE

23   REFERRABLE TO ARBITRATION, THE COURT IS INCLINED TO STATE

24   THE CLAIMS OF THOSE 1700 PLAINTIFFS.

25           SECTION THREE OF THE FAA STATES, "IN ANY SUIT OR

1    PROCEEDING BROUGHT -- IN ANY OF THE COURTS OF THE UNITED

2    STATES UPON ANY ISSUE".  I'M SORRY.  THERE IS A

3    TYPOGRAPHICAL ERROR HERE.  OKAY.

4         OKAY.  "IF ANY SUIT OR PROCEEDING BE BROUGHT IN

5    ANY OF THE COURTS OF THE UNITED STATES UPON ANY ISSUE

6    REPARABLE TO ARBITRATION UNDER AN AGREEMENT IN WRITING, FOR

7    SUCH ARBITRATION, THE COURT IN WHICH SUCH SUIT IS PENDING

8    UPON BEING SATISFIED THAT THE ISSUE INVOLVED IN SUCH SUIT OR

9    PROCEEDING IS REFERRABLE TO ARBITRATION UNDER SUCH AN

10   AGREEMENT, SHALL, ON APPLICATION BY ONE OF THE PARTIES, STAY

11   THE TRIAL OF THE ACTION UNTIL SUCH ARBITRATION HAS BEEN HAD

12   IN ACCORDANCE WITH THE TERMS OF THE AGREEMENT, PROVIDING THE

13   APPLICANT FOR THE STAY IS NOT IN DEFAULT IN PROCEEDING WITH

14   SUCH ARBITRATION.  THERE IS NO ISSUE WITH RESPECT TO

15   DEFAULT".

16        SO THEREFORE THE APPROPRIATE INQUIRY FOR MOTION TO

17   STAY UNDER THE FAA IS WHETHER THE COURT IS SATISFIED THAT

18   THE ISSUE INVOLVED IN SUCH SUIT OR PROCEEDING IS REFERABLE

19   TO ARBITRATION UNDER AN ARBITRATION AGREEMENT.

20        AND, UM, WITHOUT GOING INTO ALL OF THE PROVISIONS,

21   THE COURT IS EMPOWERED TO SEVER THE PROVISIONS FOUND TO BE

22   UNCONSCIONABLE FROM AN EMPLOYMENT AGREEMENT AND ENFORCED

23   REMAINDER.

24        AND THE DEFENDANTS IN THIS CASE CONCEDE THAT SINCE

25   THE COURT HAS PREVIOUSLY FOUND UNCONSCIONABLE, THE COURT

1   RULES THE PAINES PROVISION THAT THEY WILL CONSENT TO AN

2   ORDER BY THIS COURT SEVERING THAT PROVISION FROM THE

3   EMPLOYMENT AGREEMENT; AND SECOND, SINCE THE COURT HAS ALSO

4   FOUND UNCONSCIONABLE THE TIME LIMITATION WITHIN WHICH AN

5   EMPLOYEE MUST BRING A CLAIM AS WELL AS THE PROVISIONS NOT

6   GUARANTEEING ATTORNEYS' FEES AND COSTS AS GOVERNED BY THE

7   LAWS OF CALIFORNIA, COLORADO, CONNECTICUT, MARYLAND,

8   MICHIGAN, NEW JERSEY, NEW YORK AND NORTH CAROLINA.

9          THE DEFENDANTS HAVE ALSO INDICATED THEY'RE WILLING

10  TO CONSENT TO ALSO SEVERING THOSE PROVISIONS AS WELL.

11         THIRD, THROUGH THE MEET AND CONFER PROCESS, THE

12  PARTIES HAVE AGREED THAT DEFENDANTS WILL NOT SEEK TO STAY

13  THE PROCEEDINGS AS TO OPT-IN PLAINTIFFS FROM TENNESSEE OR

14  WEST VIRGINIA.

15         NOW, WITHOUT CITATION TO ANY AUTHORITY, PLAINTIFFS

16  ARE ARGUING THAT ANY PLAINTIFF WHOSE CLAIMS ARE ARGUABLE

17  UNDER THIS COURT'S OPPORTUNITY ANALYSIS MUST BE COMPELLED TO

18  ARBITRATE AND ONLY THEN MAY THOSE PLAINTIFFS CLAIMS IN COURT

19  BE STATED UNDER SECTION THREE OF THE FAA.

20         BY THIS ARGUMENT, MY POSITION IS THE PLAINTIFFS

21  SEEM TO BE CONTEMPLATING THE OPPORTUNITY TO MAKE A

22  DETERMINATION THAT THE COURT'S AUTHORITY TO COMPEL

23  ARBITRATION PURSUANT TO SECTION FOUR OF THE FAA.

24         THE SUPREME COURT HAS HELD THAT "THE POWER TO

25  GRANT A STAY IS ENOUGH WITHOUT THE POWER TO ORDER THAT THE

15

1    ARBITRATION PROCEED FOR IF A STAY BE GRANTED, THE DEFENDANT

2    CAN NEVER GET RELIEF UNLESS HE PROCEEDS TO ARBITRATION".

3    AND THAT'S THE ANACONDA CASE AT 322 US 42.

4         ADDITIONALLY, THIS COURT HAS PREVIOUSLY STATED,

5    "NOTHING IN THE TEXT OF SECTION THREE SUGGESTS THAT THE

6    COURT CAN COMPEL ARBITRATION UNDER THAT SECTION".  AND

7    THAT'S IN MY ORDER, APRIL 5, 2004 ORDER, PAGE 13.

8         PERSUASIVE AUTHORITY ON THIS MATTER CAN BE FOUND

9    FROM THOSE COURTS THAT GRANTED A DEFENDANT'S MOTION TO STAY

10   WITHOUT ALSO COMPELLING ARBITRATION.  THE SIMS V. MARCEL

11   CHRYSLER CASE IS DIRECTLY ON POINT WITH THE CIRCUMSTANCES

12   PRESENTED IN THIS CASE.  AND I FOUND THAT CASE VERY

13   PERSUASIVE.

14        IN GRANTING DEFENDANT'S MOTION TO STAY, THE

15   DISTRICT COURT HELD "THE COURT RESPECTFULLY REJECTS THE

16   PLAINTIFF'S SUGGESTION THAT, IN THIS CASE, SEVENTH CIRCUIT

17   PRECEDENT, MANDATES THAT A STATE PENDING ARBITRATION NEVER

18   CAN BE GRANTED UNLESS AND UNTIL THE DEFENDANT MOVES TO

19   COMPEL UNDER SECTION FOUR OR OTHERWISE COMMENCES ARBITRATION

20   PROCEEDINGS AGAINST ITSELF.  NOTHING IN THE TEXT OF SECTION

21   THREE DIRECTS THAT RESULT.  AND PLAINTIFF HAS CITED NO

22   LEGISLATIVE HISTORY IN SUPPORT OF THAT INTERPRETATION.

23        LIKEWISE, SEVENTH CIRCUIT PRECEDENT DIRECTS THAT

24   THE FILING OF A MOTION TO STAY IS A PROPER METHOD FOR THE

25   INITIAL ASSERTION OF ARBITRATION RIGHTS.  SEVENTH CIRCUIT

1   TEACHING EXPRESSLY ACKNOWLEDGES THAT A LITIGANT SUCH AS

2   DEFENDANT IS OFTEN CONTENT WITH A STAY ALONE PURSUANT TO

3   SECTION THREE BECAUSE THE CASE AGAINST A DEFENDANT WILL THEN

4   BE STYMIED UNLESS THE PLAINTIFF PUSHES THE LITIGATION

5   FORWARD IN ARBITRATION.

6       AND AT LEAST FROM THE COURT'S RESEARCH ON THE

7   ISSUE, THE PARTIES BREACH ARE RATHER ABBREVIATED.  IT

8   APPEARS THAT EVERY COURT THAT HAS PASSED ON THE ISSUE HAS

9   FOUND THAT A DEFENDANT NEED NOT PUSH LITIGATION FORWARD

10  AGAINST ITSELF BY ACTUALLY COMMENCING ARBITRATION TO WARRANT

11  AN OTHERWISE LEGITIMATE STAY UNDER SECTION THREE OF THE FAA.

12      AND THAT'S THE -- FOUND AT PAGE 317, FED SUP 2ND

13  838, SPECIFICALLY AT PAGE 843.

14      AND THERE ARE A NUMBER OF OTHER CASES THAT I ALSO

15  FOUND PERSUASIVE.  BUT MORE IMPORTANTLY, PLAINTIFFS DO NOT

16  POINT TO ANY AUTHORITY THAT MANDATES A SIMULTANEOUS ORDER

17  COMPELLING ARBITRATION IN THE CONTEXT OF A MOTION TO STAY.

18  AND SO LONG AS THE EMPLOYMENT AGREEMENTS OF THE OPT-IN

19  PLAINTIFFS ARE ENFORCEABLE PURSUANT TO LOCAL STATE LAWS, THE

20  COURT IS INCLINED TO GRANT DEFENDANT'S MOTION TO STAY.

21      THAT'S MY INCLINATION WITH RESPECT TO THE MOTION

22  TO STAY.

23      WITH RESPECT TO THE MOTION CONCERNING COMPLIANCE,

24  THE COURT HAS THREE GLOBAL QUESTIONS IT WISHES THE PARTIES

25  TO ADDRESS IN THEIR ORAL ARGUMENTS CONCERNING PLAINTIFF'S

1    THE COURT:  SO A FACILITATIVE NOTICE HAS SAID THAT

2    IF THESE PEOPLE ARE ALL GOING TO BE COMPELLED TO ARBITRATION

3    SO WHY -- HOW WOULD I RELY ON IT WHEN I ISSUE A FACILITATIVE

4    NOTICE THAT DIDN'T SAY THAT?

5        MR. RUBIN:  BECAUSE THE PARAGRAPH SIX THAT I

6    QUOTED THAT DISCUSSED THE PROCEDURE WHERE THE ARBITRATORS'

7    DECISIONS ON CLASS CERTIFICATION WILL COME BACK TO YOU.

8        THE COURT:  ALL RIGHT.

9        MR. RUBIN:  OCCUR WHEN, AS THE PARTIES UNDERSTOOD

10   AT THE TIME, THE ARBITRATOR IS ONE WHO GOT THE CASES

11   PURSUANT TO AN ORDER COMPELLING ARBITRATION.  OTHERWISE, IF

12   SOME OTHER COURT COMPELLED ARBITRATION, AN ARBITRABLE

13   DECISION WOULD GO TO THAT COURT.  IF PLAINTIFFS FILED

14   ELSEWHERE, IT'S NOT CLEAR WHICH COURT IT WOULD GO TO.

15       WE WILL FILE THE ARBITRATION CLAIMS BEFORE JUSTICE

16   MYERSON.  AND WE WILL TRY TO HAVE THEM CONSOLIDATED AND

17   HEARD TOGETHER.  WE'RE TRYING TO AVOID UNNECESSARY

18   LITIGATION OVER ARBITRATION VENUE.

19       BUT YOUR STATEMENT, YOUR APPROVAL OF THE STATEMENT

20   THAT YOU WILL DECIDE CLASS CERTIFICATION ON REVIEW OF THE

21   ARBITRATOR'S DECISION NECESSARILY REFLECTED YOUR

22   UNDERSTANDING THAT YOU WOULD BE COMPELLING THE PLAINTIFFS'

23   NON-ERISA CLAIMS TO THE ARBITRATION THAT IS COMING BACK TO

24   YOU.  OTHERWISE, IT WOULD BE COMING BACK --

25       THE COURT:  THE ONES THAT I COMPEL ARBITRATION OF.

1   NOW, HAVING MOVED FOR RECONSIDERATION AND CHANGED THE GROUND

2   RULES, PLAINTIFF IS TRYING TO CONCOCT AN ARGUMENT BASED ON A

3   CMC, AN ILLUSION OF A CMC STATEMENT THAT SOMEHOW CINTAS GAVE

4   UP A CLEAR STATUTORY RIGHT TO MAKE THE MOTION THAT IT HAS

5   MADE AND WHICH IS PENDING BEFORE YOU NOW.  SO FOR THAT

6   ADDITIONAL REASON, YOUR HONOR, YOUR HONOR'S ADDITIONAL YOUR

7   HONOR'S ORIGINAL ASSESSMENT WHEN YOU TOOK THE BENCH THIS

8   AFTERNOON IS CORRECT.

9       THE COURT:  MR. RUBIN, IS THERE ANY AUTHORITY THAT

10  YOU CAN CITE TO WHERE A COURT CAN COMPEL ARBITRATION WITHOUT

11  A MOTION TO COMPEL UNDER SECTION FOUR?  IF SO, I'M GOING TO

12  GIVE YOU THE OPPORTUNITY TO PROVIDE IT TO ME AND LET MR. --

13  UM, COUNSEL.

14      MR. DOSKER:  DOSKER.  THANK YOU.

15      THE COURT:  I'M SORRY -- RESPOND TO IT BECAUSE IT

16  JUST SEEMS TO ME THAT YOU'RE ASKING FOR A NOVEL APPLICATION

17  OF SECTION THREE.  AND I, AND I HONESTLY AND IT COULD BE

18  THAT IT'S THE LATENESS OF THE HOUR.  WE'VE BEEN IN COURT ALL

19  DAY.  BUT I -- I'M JUST NOT -- I UNDERSTAND WHAT YOU'RE

20  ARGUING BUT WHAT YOU'RE POINTING ME TO, I'M NOT PERSUADED

21  SAYS THAT.

22      MR. RUBIN:  YOUR HONOR --

23      THE COURT:  I DON'T.  I, UM, AND I GUESS MAYBE THE

24  HEART OF THIS ALL THIS FOR ME, TOO, THAT'S MOST TROUBLING IS

25  THAT YOU ALL ARE THE ONES THAT SUBMITTED THE STIPULATION.

1  OUR HEARING.

2         MR. RUBIN:  THANK YOU, YOUR HONOR.

3         AND THANK YOU ALSO TO THE COURT REPORTER FOR

4  STICKING AROUND AND TO YOUR CLERK.  I KNOW IT'S LATE.  I

5  APPRECIATE IT.

6         THE COURT:  IT IS LATE.  OKAY.  YOU ALL HAVE A

7  NICE EVENING.

8         MR. DOSKER:  THANK YOU, YOUR HONOR.

9         MR. RUBIN:  THANK YOU, YOUR HONOR.

10         MR. DOSKER:  YOU, TOO.

11     (WHEREUPON, AT 5:45 P.M. THE PROCEEDINGS CONCLUDED.)

12              COURT REPORTER'S CERTIFICATE

13         I, STARR A. WILSON, CSR NO. 2462, UNITED STATES

14  DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, DO HEREBY

15  CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE

16  RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

17         I CERTIFY THAT THE TRANSCRIPT FEES AND FORMAT

18  COMPLY WITH THOSE PRESCRIBED BY THE COURT AND JUDICIAL

19  CONFERENCE OF THE UNITED STATES.

20

21

22              STARR A. WILSON, CSR NO. 2462

23

24

25