# EXHIBIT 4

```
                                            PAGES 1 - 87

            UNITED STATES DISTRICT COURT

          NORTHERN DISTRICT OF CALIFORNIA

   BEFORE THE HONORABLE SAUNDRA BROWN ARMSTRONG, JUDGE

PAUL VELIZ, ET AL.,        )
                           )         COPY
         PLAINTIFFS,       )
                           )
   VS.                     )   NO. C 03-01180 SBA
                           )
CINTAS CORPORATION, ET AL.,)   THURSDAY, OCTOBER 27, 2005
                           )
                           )   OAKLAND, CALIFORNIA
         DEFENDANTS.       )
_____)
```

REPORTER'S TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

FOR PLAINTIFFS:          ALTSHULER, BERZON, NUSSBUAM
                         RUBIN & DEMAIN
                         177 POST STREET - SUITE 300
                         SAN FRANCISCO, CALIFORNIA  94108
                    BY:  MICHAEL RUBIN, ESQUIRE
                         EILEEN B. GOLDSMITH, ESQUIRE

                         LERACH COUGHLIN STOIA GELLER
                         RUDMAN & ROBBINS
                         401 B STREET, SUITE 1700
                         SAN DIEGO, CALIFORNIA 92101
                    BY:  STEVEN W. PEPICH, ESQUIRE


FOR DEFENDANTS:          SQUIRE, SANDERS & DEMPSEY
                         ONE MARITIME PLAZA, THIRD FLOOR
                         SAN FRANCISCO, CALIFORNIA  94111
                    BY:  MARK C. DOSKER, ESQUIRE
                         ANGELA N. O'ROURKE, ESQUIRE
                         Y. ANNA SUH, ESQUIRE



REPORTED BY:             DIANE E. SKILLMAN, CSR #4909, RPR, FCRR
                         OFFICIAL COURT REPORTER

**DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC (510) 451-2930**

2

```
 1   THURSDAY, OCTOBER 27, 2005                              12:10 P.M.
 2
 3           THE CLERK:  CALLING CIVIL 03-1180 VELIZ VERSUS
 4   CINTAS CORPORATION.
 5           THE COURT:  GOOD MORNING -- GOOD AFTERNOON, I SHOULD
 6   SAY.
 7           MR. RUBIN:  MICHAEL RUBIN OF ALTSHULER BERZON FOR
 8   PLAINTIFFS.
 9           THE COURT:  GOOD AFTERNOON.
10           MR. RUBIN:  WITH ME IS EILEEN GOLDSMITH OF ALTSHULER
11   BERZON AND OUR COLLEAGUE STEVEN PEPICH FROM THE LERACH LAW
12   FIRM.
13           THE COURT:  GOOD AFTERNOON.
14           MR. DOSKER:  GOOD AFTERNOON, YOUR HONOR, MARK DOSKER
15   FROM SQUIRE, SANDERS & DEMPSEY ON BEHALF OF CINTAS.  WITH ME
16   ARE MY COLLEAGUES ANGELA O'ROURKE --
17           THE COURT:  ANGELA O'ROURKE, OKAY.
18           MR. DOSKER:  -- AND ANNA SUH.
19           THE COURT:  ANNA WHAT?
20           MR. DOSKER:  SUH, S-U-H.
21           THE COURT:  S-U-H.  OKAY, GOOD AFTERNOON.
22           OKAY.  WE'RE IN CONTINUATION OF THE HEARING THAT WE
23   STARTED ON OCTOBER 18TH FOR ORAL ARGUMENTS ON THE MOTIONS,
24   DEFENDANTS' MOTION TO STAY PROCEEDINGS, PLAINTIFFS' MOTION TO
25   STAY IN COMPLIANCE WITH COURT ORDERS, DEFENDANTS' MOTION TO
```

1  DISMISS AS TO CERTAIN OPERATIVE PLAINTIFFS AND PLAINTIFFS'
2  MOTION TO FILE SECOND AMENDED COMPLAINT.
3          AT THE TIME THAT WE HAD THE LAST HEARING, WHICH
4  LASTED ABOUT TWO TO THREE HOURS, I GUESS, I HAD GIVEN YOU ALL
5  MY INCLINATIONS WITH RESPECT TO EACH OF THE MOTIONS, AND
6  ALTHOUGH THE ORAL ARGUMENT WAS FOCUSED EXCLUSIVELY ON THE
7  ISSUES RAISED BY DEFENDANTS' MOTION TO STAY, I HAD GIVEN YOU
8  SOME QUESTIONS WITH RESPECT TO THE OTHER MOTIONS THAT I WAS
9  INTERESTED IN HAVING YOU ADDRESS.
10         GIVEN THE TIME FRAME THAT WE SPENT DISCUSSING THE
11 MOTION TO STAY AND THE LATENESS OF THE HOUR, WE DECIDED THAT
12 COUNSEL FOR PLAINTIFFS' REQUEST TO CONTINUE THE HEARING TO
13 ALLOW YOU ALL TO SUBMIT SUPPLEMENTAL BRIEFING WITH RESPECT TO
14 THE ISSUE THAT YOU WERE ARGUING AND CONTINUE IT TILL TODAY, AND
15 I GRANTED THAT REQUEST.
16         I HAVE RECEIVED THE SUPPLEMENTAL BRIEFING THAT BOTH
17 OF YOU HAVE SUBMITTED, AND GIVEN THAT THE MOTION TO STAY IS BUT
18 ONE OF THE MOTIONS I HAVE TO RESOLVE TODAY, I AM ACTUALLY JUST
19 GOING TO RULE ON IT BASED ON WHAT YOU HAVE SUBMITTED. I DON'T
20 REALLY HAVE A NEED FOR FURTHER ARGUMENT ON IT. AND I WOULD
21 LIKE FOR YOU ALL -- I THINK YOU INDICATED YOU NEEDED A HALF AN
22 HOUR AND TAKE THE TIME THAT YOU HAVE TO FOCUS ON THE OTHER
23 ISSUES AS WELL.
24         NOW, WITH RESPECT TO THE DEFENDANTS' MOTION TO STAY,
25 THERE APPEARS TO BE NO DISAGREEMENT AS TO WHETHER THE COURT

4

1  SHOULD GRANT THE MOTION TO STAY.  SO THAT MOTION IS OBVIOUSLY
2  GOING TO BE GRANTED.
3       THE ONLY ISSUE IS WHETHER THE COURT MUST ALSO COMPEL
4  ARBITRATION.  AND I HAVE GONE THROUGH WHAT BOTH OF YOU HAVE
5  SUBMITTED, AND IT'S SOMEWHAT TROUBLING TO ME THAT PLAINTIFFS
6  CITE TO NO CASE WHERE THE COURT HAS COMPELLED ARBITRATION OF
7  PLAINTIFFS' CLAIMS IN THE ABSENCE OF A MOTION TO COMPEL.
8  PLAINTIFFS CITE TO NO CASE WHERE A COURT HAS FOUND THE
9  DEFENDANT HAS WAIVED HIS RIGHTS TO SEEK AND STATE PURSUANT TO
10 SECTION 3.  AND PLAINTIFFS ALSO CITE TO NO CASE WHERE A COURT
11 FOUND AN ADOPTION OF JUDICIAL ESTOPPEL PREVENTING A DEFENDANT
12 FROM ELECTING TO SEEK A STAY PURSUANT SECTION 3, WHILE AT THE
13 SAME TIME ELECTING NOT TO SEEK A MOTION TO COMPEL UNDER
14 SECTION 4.
15       THE EXCERPTS THAT WERE -- FIRST OF ALL, I WILL SAY
16 THAT I WAS ALSO TROUBLED BY THE -- I GAVE FIVE -- GAVE YOU ALL
17 LEAVE TO FILE A SELF-CONTAINING SUPPLEMENTAL IN FIVE PAGES, AND
18 I WAS NOT UNDER THE IMPRESSION AT ALL IN READING THESE PAPERS
19 THAT YOU ALL HAD INDEED RESTRICTED YOURSELVES TO THE FIVE
20 PAGES, BUT BY INCORPORATING BY REFERENCE AND THEN ARGUING ABOUT
21 DOCUMENTS THAT WERE NOT PART OF THE FIVE PAGES, AND I
22 INTERPRETED THAT AS BEING A DIRECT ATTEMPT TO CIRCUMVENT THE
23 COURT'S GRANTING YOU FIVE PAGES.  AND I FOUND THAT TROUBLING.
24       IN ANY EVENT, READ IN CONTEXT, THE EXCERPTS THAT
25 WERE PROVIDED TO THE COURT DO NOT DEMONSTRATE DEFENDANTS AGREED

1  TO PROSPECTIVELY COMPEL FUTURE PLAINTIFFS TO ARBITRATION. MUCH
2  OF THE QUOTED TEXT PERTAINS TO 36 ADDITIONAL SSR'S FROM STATES
3  WHICH QUOTE "BECAUSE OF TIMING OF WHEN THEIR CONSENTS TO SUE
4  WERE FILED" WERE NOT ADDRESSED IN THE MOTION TO COMPEL
5  ARBITRATION. BECAUSE THOSE STATES WERE NOT ADDRESSED IN THE
6  COURT'S APRIL 5TH ORDER, THE PARTIES AGREED TO MEET AND CONFER
7  AS TO WHETHER THE COURT WOULD OR WOULD NOT ENFORCE THE
8  ARBITRATION AGREEMENT IN THOSE STATES.
9        THAT IS NOT A STATEMENT AS TO FUTURE TREATMENT OF
10 PLAINTIFFS THAT HAVE NOT YET OPTED IN, BUT A WAY IN WHICH THE
11 PARTIES CAN AGREE AS TO WHICH PLAINTIFFS MUST PROCEED IN
12 ARBITRATION OR IN COURT, WITHOUT THIS COURT'S RULING ON THE
13 MOTION.
14        THE CITING OF THE LANGUAGE IN THE APRIL 23RD ORDER
15 IN TERMS OF THE MOTION TO COMPEL ALSO IS NOT AS PLAINTIFFS
16 APPARENTLY HAVE INTERPRETED IT. THE LANGUAGE BASICALLY IS THAT
17 THE PARTIES WOULD BE, ONCE THEY RECEIVED THE NOTICE, THE THRUST
18 OF THE ORDER WAS TO INSTRUCT THE PARTIES AS TO THE FORM AND
19 PROCEDURE OF MAILING THE FACILITATED NOTICE, AND THAT THEY
20 WOULD BE COMPELLED IN THE SENSE OF THE INDIVIDUALS BEING
21 LEGALLY REQUIRED TO ARBITRATE IN ACCORDANCE WITH THE TERMS OF
22 WHATEVER AGREEMENTS THEY HAD AT THE TIME THAT GOVERN.
23        AND, FINALLY, THE JUNE 9TH, 2004 ORDER COMPELLING
24 ARBITRATION OF OPT-IN PLAINTIFFS FROM ALABAMA, FLORIDA,
25 KENTUCKY, NEVADA AND OHIO BASICALLY WAS PART OF AN AGREEMENT

1  THAT YOU ALL -- YOU CAME UP WITH.  AND THERE IS NOTHING IN THE
2  WORDING OF THAT ORDER THAT SUGGESTS THAT IT APPLIES TO ANY
3  PLAINTIFF OTHER THAN THOSE WHO SUBMITTED CONSENT-TO-SUE FORMS
4  AS OF THAT DATE AND ARE FROM THOSE STATES OF ALABAMA, FLORIDA,
5  KENTUCKY, NEVADA AND OHIO.
6        THE STIPULATION AND ORDER IS SPECIFICALLY TIED TO
7  BRING OF THE MOTION TO COMPEL.  THE STIPULATION STATES QUOTE,
8  "IF CINTAS FILED A MOTION TO COMPEL ARBITRATION OF THE CLAIMS
9  OF CINTAS EMPLOYEES FROM", AND GIVES THE STATES AND GOES ON.
10 AND THEN THE COURT HELD THAT IT WAS COMPELLING ARBITRATION
11 SUBJECT TO QUOTE "ALL RIGHTS OF JUDICIAL REVIEW, APPEAL AND
12 CHALLENGE THAT THE PARTIES WOULD HAVE IF THEY HAD FULLY
13 LITIGATED SAID MOTION TO COMPEL ARBITRATION OF CLAIMS FILED BY
14 CINTAS EMPLOYEES."
15       I SEE THAT AS BEING A SIGNIFICANT DISTINCTION.  IN
16 GENERAL, MY READING OF PLAINTIFFS' PAPERS IS THAT PLAINTIFFS
17 ARE BASICALLY IGNORING THE RATIONALE BEHIND SECTION 4.  WHERE A
18 PLAINTIFF WHO IS OTHERWISE SUBJECT TO AN ENFORCEABLE
19 ARBITRATION AGREEMENT INSTEAD FILES A COMPLAINT AGAINST A
20 DEFENDANT IN COURT, SECTION 4 EMPOWERS THE DEFENDANT TO BRING A
21 MOTION TO COMPEL ARBITRATION OF THAT PLAINTIFF'S CLAIM.
22       THERE IS NO SUCH DISPUTE HERE.  THE PARTIES AGREE
23 THAT 1700 PLAINTIFFS ARE SUBJECT TO ENFORCEABLE ARBITRATION
24 AGREEMENTS.  IF THOSE 1700 PLAINTIFFS WISH TO PURSUE THEIR
25 CLAIMS AGAINST DEFENDANT, THEY MUST, THEREFORE, PROCEED IN

1  ARBITRATION. AS A PRACTICAL MATTER, WHY SHOULD THIS COURT
2  COMPEL ARBITRATION OF PLAINTIFFS WHEN THEY KNOW AND THEY AGREE
3  THEY ARE SUBJECT TO ARBITRATION. I DON'T UNDERSTAND WHY IT'S
4  EVEN NECESSARY WHEN THERE IS NO DISPUTE IN THAT RESPECT.
5      BUT, ANYWAY, THERE IS A TOTAL ABSENCE OF AUTHORITY
6  SUPPORTING PLAINTIFFS' POSITION, AND THE FACTS ARE NOT EVEN
7  SUPPORTING IT. THE DEFENDANTS' MOTION TO STAY IS GRANTED. AND
8  TO THE EXTENT THAT PLAINTIFFS HAVE A MOTION TO COMPEL OR TO
9  HAVE THE COURT FIND THAT IT MUST ALSO SIMULTANEOUSLY GRANT A
10 MOTION TO COMPEL WITH A MOTION TO STAY, THAT IS DENIED.
11     NOW, THE MOTION CONCERNING COMPLIANCE, I HAD A
12 COUPLE OF QUESTIONS. THE FIRST QUESTION I HAD WAS WHETHER
13 THERE WAS ANY DISPUTE THAT THE IRREPARABLE HARM CLAUSE APPEARS
14 IN ALL YOUR AGREEMENTS WITH PLAINTIFFS.
15     **MR. DOSKER:** YOUR HONOR, WE DOUBLE-CHECKED THAT, AND
16 WE BELIEVE THAT IT DOES APPEAR IN THEM ALL.
17     **THE COURT:** IT DOES. OKAY.
18     **MR. DOSKER:** WE OBSERVE, YOUR HONOR, TO ANSWER THE
19 RELATED QUESTION YOUR HONOR HAD, WE THINK THAT, YES, YOUR HONOR
20 WAS RIGHT THAT THE BUSINESS PURPOSE FOR THE CLAUSE APPEARS IN
21 THE FACE OF IT, AND THAT IS THAT THE COURTS, OF COURSE, ARE
22 ALWAYS OPEN. AN ARBITRATOR DOESN'T GET SELECTED FOR A MONTH OR
23 MAYBE TWO OR THREE INTO A CASE --
24     **THE COURT:** RIGHT.
25     **MR. DOSKER:** -- SO IF A PARTY NEEDS A TRO, TEMPORARY

```
 1  YOUR HONOR.
 2       THE COURT:  OKAY.
 3       I ALSO WONDER, EVEN THOUGH I HAVE ALREADY DENIED THE
 4  MOTION TO COMPEL, WHY DO YOU ALL FEEL IT NECESSARY TO FILE FOR
 5  A MOTION TO COMPEL ARBITRATION OF 1700 PEOPLE THAT YOU ALL
 6  AGREE MUST ARBITRATE?  WHY IS ALL THIS ACTIVITY NECESSARY?
 7       MR. RUBIN:  WHY IS IT IMPORTANT?
 8       THE COURT:  TO HAVE A MOTION TO COMPEL PEOPLE WHO
 9  HAVE KNOWLEDGE THAT THEY HAVE TO ARBITRATE.
10       MR. RUBIN:  BECAUSE IF YOUR HONOR COMPELS
11  ARBITRATION --
12       THE COURT:  I MEAN, OTHER THAN YOUR STRATEGIC
13  WANTING TO HAVE IT IN ONE PLACE; IS THAT IT?  YOU WANT ME TO
14  PUT THEM ALL IN ONE PLACE, BUT --
15       MR. PEPICH:  THERE IS A REASON, YOUR HONOR --
16       THE COURT:  THE THING THAT BOTHERS ME IS THIS IS A
17  LOT OF WORK THAT IS UNNECESSARY BECAUSE YOU ALL DON'T HAVE ANY
18  DISPUTE AS TO WHETHER THEY HAVE TO ARBITRATE, BUT YOU COME IN
19  HERE ARGUING OVER WHETHER I HAVE TO COMPEL IT, AND I REALLY
20  WOULD LIKE YOU TO ANSWER DIRECTLY MY QUESTION --
21       MR. PEPICH:  I WILL DO THAT, YOUR HONOR.
22       THE COURT:  -- WHY ARE YOU ASKING ME TO COMPEL
23  ARBITRATION FOR 1700 PEOPLE THAT THERE IS NO DISPUTE MUST
24  ARBITRATE OTHER THAN A STRATEGIC DESIRE TO HAVE THEM IN ONE
25  LOCATION, WHICH I DON'T CONSIDER THE COURT OBJECTIVE HERE.
```

26

1    **MR. PEPICH:** BECAUSE, YOUR HONOR, WE WOULD NOT AGREE
2    WITH CINTAS THAT THESE PEOPLE HAVE TO ARBITRATE.
3        **THE COURT:** I THOUGHT YOU ALREADY HAVE.
4        **MR. PEPICH:** WE HAVE ONLY AGREED TO THAT BECAUSE WE
5    EARLIER STIPULATED THAT THE PROVISIONS OF THE APRIL 5 ORDER
6    COMPELLING THE FIRST 55 PEOPLE TO ARBITRATE WOULD EXTEND OUT TO
7    FUTURE PEOPLE. BUT WE DON'T VOLUNTARILY --
8        **THE COURT:** THAT'S NOT IN THERE. I DIDN'T SEE
9    ANYTHING SUPPORTING THAT.
10       **MR. PEPICH:** I APOLOGIZE, YOUR HONOR. IT ACTUALLY
11   GOES ALL THE WAY BACK TO THE JOINT CMC STATEMENT THAT WAS
12   SUBMITTED IN APRIL 23 OF 2004, IN WHICH THE PARTIES -- CINTAS
13   CAME TO US AFTER IT WON THE MOTION TO COMPEL ARBITRATION AND
14   SAID, LOOK, WE DON'T WANT TO HAVE TO CONTINUE TO BRING MOTIONS
15   TO COMPEL ARBITRATION, WILL YOU AGREE THAT WE CAN EXTEND THE
16   PROVISIONS OF THE APRIL 5 ORDER TO THE NEW OPT-INS.
17       **MR. DOSKER:** OBJECTION, YOUR HONOR. NO SUCH
18   STATEMENT WAS MADE.
19       **THE COURT:** I AM NOT GOING TO GET INTO --
20       **MR. PEPICH:** I AM JUST TELLING YOU THAT'S THE REASON
21   WHY WE DON'T AGREE THAT THESE PEOPLE HAVE TO ARBITRATE. WE
22   ONLY AGREE THAT THE APRIL 5TH ORDER AND THE REASONING OF THE
23   COURT'S ORDER EXTENDS TO THEM, AND IF CINTAS WERE TO BRING A
24   MOTION --
25       **MR. RUBIN:** THERE IS A NONSTRATEGIC PRACTICAL

DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC (510) 451-2930

```
 1  REASON, YOUR HONOR.
 2          THE COURT:  BECAUSE WHAT I HAVE IS THE PARTIES AGREE
 3  TO 1700 PLAINTIFFS ARE SUBJECT TO ENFORCEABLE ARBITRATION
 4  AGREEMENTS.
 5          MR. RUBIN:  THAT'S SUBJECT -- BASED ON YOUR
 6  ANALYSIS, WHICH WE HAVE DISPUTED, BUT WE RECOGNIZE IS YOUR
 7  ANALYSIS.
 8          THE COURT:  RIGHT.
 9          MR. RUBIN:  THE REAL REASON AT THIS POINT THAT WE
10  ARE ARGUING OVER THIS MOTION TO COMPEL IS BECAUSE IF CINTAS
11  OPPOSES ALL PLAINTIFFS ARBITRATING IN ONE PLACE, AND TRIES TO
12  SPLIT THESE 700 (SIC) PEOPLE THROUGHOUT THE COUNTRY --
13          THE COURT:  1700 PEOPLE.
14          MR. RUBIN:  1700 PEOPLE THROUGHOUT THE COUNTRY --
15          THE COURT:  WHAT DO YOU MEAN "TRY TO SPLIT"?  THESE
16  PEOPLE HAVE AGREEMENTS.  I DON'T UNDERSTAND THIS.
17          PEOPLE -- AND THE ONES THAT ARE UNENFORCEABLE ARE
18  UNENFORCEABLE.  BUT THE ONES THAT ARE ENFORCEABLE, THESE ARE
19  ENFORCEABLE AGREEMENTS THAT THEY HAVE AGREED TO.
20          SO WHAT DO YOU MEAN THEY ARE TRYING TO SPLIT THEM?
21  THESE ARE AGREEMENTS THAT THEY HAVE AGREED TO.  SO WHAT YOU ARE
22  ASKING ME IS TO CONSIDER ENGAGING IN AN ANALYSIS THAT IS
23  DESIGNED TO OR LIKELY TO RESULT IN PROVIDING A RELIEF THAT THEY
24  HAVE NOT AGREED TO.
25          MR. RUBIN:  IT'S RELIEF THAT IS MANDATED BY STATUTE,
```

```
 1   BY SECTION 4, AND SINCE YOU HAVE RETAINED JURISDICTION OVER

 2   EACH OF THESE 1700 PEOPLE'S ERISA CLAIMS --

 3           THE COURT:  NO.  NEVER MIND.  I THOUGHT YOU WERE

 4   GOING TO ANSWER THE QUESTION, BUT I DON'T THINK YOU ARE.

 5           LET'S GET TO THE NEXT ISSUE.  WITH RESPECT TO THE --

 6   OKAY.

 7           SO I INDICATED AT THE LAST HEARING THAT I WAS

 8   INCLINED TO DENY PLAINTIFFS' MOTION THAT THE ARBITRATION

 9   AGREEMENT IS UNENFORCEABLE UNDER LAWS OF ARIZONA, LOUISIANA AND

10   PENNSYLVANIA, AND I HAVEN'T HEARD ANYTHING THAT WOULD SUGGEST

11   OTHERWISE.  SO --

12           MR. RUBIN:  YOUR HONOR, WE HAVEN'T ARGUED THAT, AND

13   I HAVE JUST ONE BRIEF POINT I WOULD MAKE ON IT.

14           THE COURT:  OKAY.

15           MR. RUBIN:  THE -- WHAT YOU EXPLAINED IN YOUR

16   TENTATIVE IS THAT YOU LOOKED QUITE COMPREHENSIVELY AT THE

17   VARIOUS CASES, AND YOU CONCLUDED THAT THE BETTER REASONED

18   CASES -- AND LET'S START WITH LOUISIANA.  IN LOUISIANA, YOU

19   FOUND THAT THE BETTER REASONED CASE WAS A LOUISIANA FEDERAL

20   COURT DECISION.  THEREFORE, YOU CONCLUDED, APPLYING THE

21   REASONING OF THAT CASE, IN CONTRAST TO THE LOUISIANA STATE

22   CASES THAT WE CITED, LOUISIANA IS NOT LIKE ARKANSAS LAW.

23           SO THE POINT I AM MAKING IS SIMPLY THIS:  UNDER

24   SECTION 2 OF THE FEDERAL ARBITRATION ACT AND UNDER YOUR

25   APRIL 5TH, 2004 ORDER, THE ONLY ISSUE IS WHAT DOES THE STATE
```

### CERTIFICATE OF REPORTER

I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY CERTIFY THAT THE FOREGOING PROCEEDINGS IN C-03-1180 SBA, PAUL VELIZ, ET AL. V. CINTAS CORPORATION, ET AL., PAGES NUMBERED 1 THROUGH 87, WERE REPORTED BY ME, A CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER TRANSCRIBED UNDER MY DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS AT THE TIME OF FILING.

**THE INTEGRITY OF THE REPORTER'S CERTIFICATION OF SAID TRANSCRIPT MAY BE VOID UPON REMOVAL FROM THE COURT FILE.**

*[Signature: Diane E. Skillman]*

DIANE E. SKILLMAN, CSR 4909, RPR, FCRR

**DIANE E. SKILLMAN, OFFICIAL COURT REPORTER, USDC (510) 451-2930**