ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
ATTORNEYS AT LAW
177 POST STREET, SUITE 300
SAN FRANCISCO, CALIFORNIA 94108
(415) 421-7151
FAX (415) 362-8064
www.altshulerberzon.com

FRED H. ALTSHULER
STEPHEN P. BERZON
BARBARA J. CHISHOLM
JEFFREY B. DEMAIN
REBEKAH B. EVENSON
EILEEN B. GOLDSMITH
LAURA P. JURAN
SCOTT A. KRONLAND
DOROTHEA K. LANGSAM
DANIELLE E. LEONARD
STACEY M. LEYTON
LINDA LYE
PETER D. NUSSBAUM
DANIEL T. PURTELL
MICHAEL RUBIN
JONATHAN WEISSGLASS

ADAM B. WOLF
FELLOW

May 4, 2004

American Arbitration Association
San Francisco Regional Office
225 Bush Street, Floor 18
San Francisco, CA 94114-4207

Re:  Demand for Classwide Arbitration Under AAA Employment Arbitration Rules
     and Supplementary Rules for Class Arbitration
     *Paul Veliz et al. v. Cintas Corporation, et al.*

To AAA and Counsel for All Parties:

Paul Veliz and other similarly-situated plaintiffs in *Veliz et al. v. Cintas Corporation et al.*, No. C-03-1180-SBA (N.D. Cal.) ("*Veliz*"), hereby demand arbitration on a class and/or collective basis of all state and federal claims for overtime compensation and backpay alleged in plaintiffs' First Amended Complaint for Injunctive Relief and Damages in *Veliz*, with the exception of the claims of the following 10 individuals which remain in federal court pursuant to U.S. District Court Judge Saundra Brown Armstrong's April 5, 2004 Order granting in part and denying in part Cintas Corporation's motion to compel arbitration, a copy of which is attached hereto as Exhibit D: Mark Hebling (Arkansas); Michael Brown (Maryland); Ricardo Brown (Maryland); Wayne Edwards (New Jersey); Wilfredo Huertas (New Jersey); Derrick Samuels (New Jersey); Noel Lloyd (Michigan), Kelly Smith (Michigan), James Lightfoot (Michigan), and Scott Seath (Michigan). *See* April 5 Order at 56-59.

This demand for arbitration is also made on behalf of all individuals who filed, or who hereafter file, Consents to Sue in *Veliz, except those* whom Judge Armstrong has ruled may litigate their FLSA claims in federal court because: 1) they worked for Cintas in Arkansas (*see* Order at 24-25) or from any other state as to which Judge Armstrong hereafter rules that no individual may be required to arbitrate his or her claims; or 2) they were employed pursuant to a collective bargaining agreement (*see* Order at 56-57); or 3) they did not sign an arbitration agreement with Cintas governing the claims in this case; or 4) they later submit declarations in



Demand for Arbitration
May 4, 2004
Page 2

federal court establishing to Judge Armstrong's satisfaction that the circumstances of their signing of the arbitration agreement were unconscionable. *See, e.g.*, April 5 Order at 44.

All Claimants bring their claims individually and as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), and as a class action under Fed. R. Civ. P. 23(b)(3) and applicable state labor laws, on behalf of current and former Cintas employees (with the exceptions noted above) who worked as Service Sales Representatives, Commission Route Salespersons, Commission Route Sales Representatives, Route Drivers and other persons performing a service and/or delivery function on a non-hourly basis (hereinafter "Service Sales Representatives" or "SSRs"). *See* Ex. F (identifying the opt-in plaintiffs and the states they represent for class action purposes). Claimants may supplement this demand to arbitrate on behalf of similarly situated current or former Cintas drivers who have filed or who hereafter file Consents to Sue in this matter, including individuals from additional states.

This demand for arbitration is brought pursuant to the AAA National Rules for the Resolution of Employment Disputes and the AAA Supplementary Rules for Class Arbitrations. Claimants request that the arbitration be conducted in San Francisco, California.

Attached hereto as Exhibit A is the completed American Arbitration Association Employment Arbitration Rules Demand for Arbitration form for this arbitration.

Attached hereto as Exhibit B is a true and correct copy of the First Amended Complaint in *Veliz v. Cintas Corporation*.

Attached hereto as Exhibit C are true and correct copies of the four filings of Consents to Sue in *Veliz v. Cintas Corporation* filed before August 5, 2003.

Attached hereto as Exhibit D is Judge Saundra Armstrong's April 5, 2004 Order granting in part and denying in part Cintas Corporation's motion to compel arbitration in *Veliz v. Cintas Corporation.*

Attached hereto as Exhibit E are true and correct copies of Cintas' 1996 arbitration clause (E-1), Cintas' 1999 arbitration clause (E-2), Cintas' 2001 arbitration clause (E-3), and Cintas' 2002 arbitration clause (E-4). Please note that Judge Armstrong's April 5, 2004 Order addressed the clauses in these agreements that: 1) shortened the statute of limitations on statutory overtime claims to one year; and 2) made payment of prevailing plaintiffs' attorneys' fees and costs discretionary rather than mandatory. *See* Order at 20-22. In some states (California, Colorado, Connecticut, Maryland, Michigan, New Jersey, New York, North Carolina), Judge Armstrong severed those clauses in their entirety as contrary to the statutory rights of plaintiffs; while in others (Illinois, Indiana, Missouri), Judge Armstrong deferred the enforceability of these clauses to arbitration. *Id.* at 27-29, 33, 35-36, 39, 41, 45, 47, 50-53, 55, 58-59.

Demand for Arbitration
May 4, 2004
Page 3

      Attached hereto as Exhibit F is a list of all claimants who have filed Consents to Sue through May 4, 2003 and who are pursuing their statutory rights through this arbitration, along with the addresses and telephone numbers listed on the Consent to Sue forms. Claimants will supplement this list with additional claimants who have filed or hereafter file Consents to Sue and whose claims will be submitted to arbitration.

      Pursuant to Judge Armstrong's April 5 Order at 19-20, and the AAA National Employment Rules, respondent Cintas Corporation is responsible for paying the filing fee required for this arbitration under the AAA Rules.

                                      Sincerely,

                                      ALTSHULER, BERZON, NUSSBAUM, RUBIN
                                            & DEMAIN

                                    LERACH, COUGHLIN, STOIA & ROBBINS LLP

                                    TRABER & VOORHEES

                                    Attorneys for Claimants

                                    By: _____
                                         Michael Rubin

MR/hlm

Attachments

cc:    Mark Dosker, Esq.

      AAA Northeast Case Management Center
      950 Warren Avenue
      East Providence, RI 02914

F:\09000\Cintas\Overtime Litigation\Arbitration\AAA SF.05.3.04.wpd