BEFORE THE
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION


In re Cintas Corp.
Overtime Pay Arbitration Litigation                MDL Docket No. 1781


RESPONSE BY CINTAS CORPORATION TO AVERMENTS IN MOTION TO
TRANSFER AND CONSOLIDATE PURSUANT TO 28 U.S.C. §1407

Cintas Corporation ("Cintas") respectfully states that the Panel does not have subject matter jurisdiction to do that which the pending motion seeks. The reasons why this is so are set forth in Cintas' Brief submitted herewith.

Pursuant to the Panel's Rule 7.1(b), Cintas states as follows its responses to the averments in the motion, with reference to the same numbered paragraphs as used there:

1. Admitted in part, except denied as to the exact number "2,400" and denied as to the phrase indicating that all such persons are "current and former Cintas employees" who "lawfully joined" the Veliz Action. Cintas avers that some such persons are persons who never worked for Cintas, that some such persons never worked for Cintas in a capacity that is the subject of the Veliz Action, that some such persons have denied signing a Consent to Sue form, and that one or more such person's signatures on such Consent to Sue form(s) was or were forged. Cintas' investigation into the foregoing points is ongoing.

2. Cintas avers that the record of the Veliz Action speaks for itself and that no response should therefore be required of Cintas in response to this paragraph.

3. Cintas avers that the Court in the Veliz Action (the Honorable Saundra Brown Armstrong) has thus far allowed the Veliz Action to proceed only as a "conditional" collective action under the FLSA as is stated on page 1 line 18-19 of the Court's Order dated May 25, 2004. Cintas also re-avers here as stated in paragraphs 1 and 2 above.

4. Admitted in part, except denied insofar as it incorrectly describes as "mandatory" the arbitration agreements referred to in this paragraph if "mandatory" is meant to convey a lack of choice in signing the agreement. The record in the Veliz Action confirms that a significant

1

percentage of persons in positions such as the Veliz plaintiffs did not sign any such agreement, and that they did not suffer any negative consequence due to not having signed such an agreement. If by "mandatory", the motion means that once the agreement was signed then arbitration of disputes as set forth in it is mandatory, then Cintas so admits.

5. Admitted in part, except denied insofar as it incorrectly describes Judge Armstrong's Order and insofar as it incorrectly describes what Section 4 of the Federal Arbitration Act is and says, and Cintas re-avers here as it has stated in paragraph 2 above.

6. The first sentence is admitted in part, except that Cintas denies that there is any such recognized legal procedure as a "Collective Arbitration", neither under the rules of the American Arbitration Association nor otherwise. The second sentence is admitted only insofar as that is what the claimants' counsel alleged; but it is wrong as a matter of law and under the rules of the American Arbitration Association. Cintas avers that the Honorable Bruce Meyerson was selected not by Cintas and "the Veliz plaintiffs" as counsel in the Veliz Action is using that phrase in reference to nearly 1900 persons none of whom are named as claimants, but by Cintas and the few dozen specifically named individual claimants in the Demand for Arbitration. Cintas otherwise denies the averments of this paragraph.

7. Denied; the referenced "supplements" are letters with no effect. As Arbitrator Meyerson has orally ruled at least twice, and subsequently confirmed by e-mail to counsel, the operative demand in the referenced arbitration is the original one, and claimants would have had to make a motion for leave to amend their demand to add claimants, they have not done so, Cintas would have an opportunity to oppose any such motion, and despite having been told of this point least three times by the Arbitrator, claimants' counsel have not made any such motion.

8.	Denied. What counsel calls the "final list" in this paragraph has no effect in the referenced arbitration. As Arbitrator Meyerson has orally ruled at least twice, and subsequently confirmed by e-mail to counsel, the operative demand in the referenced arbitration is the original one, and claimants would have had to make a motion for leave to amend their demand to add claimants, they have not done so, Cintas would have an opportunity to oppose any such motion, and despite claimants' counsel having been told of this point at least three times by the Arbitrator (most recently on the evening of March 29, 2006 less than three hours after their communication of the purported "final list" referred to in this paragraph), claimants' counsel have not made any such motion. *See, e.g.,* Exhibit 5 to declaration of Mark C. Dosker submitted herewith.

9.	Admitted; except that as to the full details of the matters summarized in this paragraph, Cintas avers that the record of the Veliz Action speaks for itself and that no response should therefore be required of Cintas in response to this paragraph.

10.	Cintas avers that the AAA's Supplementary Rules for Class Arbitration speak for themselves, Cintas admits that the quoted portion is an accurate quotation of a portion of the rules, and Cintas denies any remaining averments in this paragraph.

11.	Denied. Cintas avers that it is important to note that in this paragraph, the moving counsel shift to a different term ("Veliz Arbitration claimants" rather than "Veliz plaintiffs") without in fact defining the term they shift to here – and notably, the former is a few dozen persons while the latter is between 1850 and 2400 persons depending on context. Cintas avers that no one can initiate a clause construction phase of arbitration on behalf of other person(s), especially when each of the 1850 or so other person(s) has already been the subject of an Order on the transcript of the record in open Court in October 2005 [Docket No. 518 in the Veliz

Action], which was already documented in a minute Order dated October 27, 2005 [Docket No. 514 in the Veliz Action] and which was more fully documented in the Court's full Order dated February 14, 2006 [Docket No. 516 in the Veliz Action] listing each person by name and staying the litigation of each person until each person arbitrates in accordance of the terms of the agreement into which he or she entered. Each such agreement requires the arbitration of each such person's claims to be held in the county and state where he or she last worked for Cintas. So while it is true that the document referenced in paragraph 11 was transmitted, it does not have the legal effect which the motion avers.

12. Denied. The reasons why this paragraph is false are legion. But to summarize here for purposes of the Panel's rule 7.1(b), Cintas avers that the persons submitting the brief referenced in this paragraph did not demonstrate any such thing as is alleged in this paragraph.

13. Denied; except admitted that the hearing date was set for May 9, 2006. In the referenced teleconference, Arbitrator Meyerson directed that Cintas would have until April 7, 2006 to file either (a) its opposition to the previously submitted clause construction brief, or (b) Cintas' own clause construction motion (which Cintas had previously indicated it was seriously considering submitting), and if Cintas filed its own clause construction motion then both sides would have until April 28, 2006 to file a response to the other side's clause construction motion.

14. Cintas avers that its 70 Petitions were filed promptly after receipt of the full and final Order in the Veliz Action on February 14, 2006 which fully documented in the necessary detail the rulings made by the Court in the Veliz Action on October 27, 2005. Cintas further avers that it reserved to right to file such Petitions in the relevant district courts nationwide at least twice on the record in the Veliz Action – on December 14, 2004 and September 6, 2005 –

although Cintas continued to have that right regardless whether or not it reserved that right. Cintas further avers that the Veliz plaintiffs admitted in papers submitted to the Court in the record of the Veliz Action that Cintas could indeed file the very Petitions which it subsequently filed. Cintas denies the phrase in this paragraph stating "whose arbitrations are already underway before Arbitrator Meyerson." Cintas avers that no person who is a Respondent to any of the 70 Petition proceedings is also a party to the arbitration before Arbitrator Meyerson; and Cintas avers that no such person ever can be, due (among other reasons) to the terms of those persons' enforceable arbitration agreements and the Orders already entered in the Veliz Action. Cintas avers that it filed its 70 Petition proceedings before the transmittal on March 29, 2006 of the document from Michael Rubin to Arbitrator Meyerson (which is referred to in paragraph 8 of the motion), and Cintas avers that Arbitrator Meyerson in any event said that he would be taking no action on that document. Exhibit 5 to Declaration of Mark C. Dosker submitted herewith. Cintas admits the last sentence of this paragraph – indeed, that is the exemplar which the undersigned Cintas counsel promptly provided to the Veliz plaintiffs' counsel Michael Rubin as a courtesy at his request (though Mr. Rubin did not disclose that he wanted it for use in filing an MDL motion.) Cintas denies the averment contained (whether knowingly or not) by the defined phrase "Arbitration Actions" used in this paragraph. The 70 Petitions are not civil actions, as is more fully confirmed in Cintas' Brief submitted herewith.

15.  Cintas admits that the substantive text of its 70 Petitions is identical, but avers that the text speaks for itself. Otherwise, the averments in this paragraph are denied. Cintas avers that no person who is a Respondent to any of the 70 Petition proceedings is also a party to the arbitration before Arbitrator Meyerson, nor can someone else assert such claims before Arbitrator Meyerson for any such person; and Cintas avers that no such person ever can be a

5

party to the arbitration before Arbitrator Meyerson, due (among other reasons) to the terms of those persons' enforceable arbitration agreements and the Orders already entered in the Veliz Action.

16. Denied as to the phrase "Arbitration Actions"; they are Petition proceedings and not civil actions. Denied as to the word "complaints"; they are Petitions. Denied as to the phrase "defendants in those actions"; they are Respondents in those Petition proceedings. Cintas admits that in mid-March 2006 it began to serve the Petitions on the Respondents in the 70 Petition proceedings.

17. Denied as to the phrase "Arbitration Actions"; they are Petition proceedings and not civil actions. Denied for the reasons already averred herein, and for the reasons stated in Cintas' Brief submitted herewith and the other supporting papers submitted herewith. Cintas further avers that motions of the sort referred to in the last clause of this paragraph are not allowed by Section 4 of the Federal Arbitration Act (or otherwise).

18. Denied as to the phrase "Arbitration Actions"; they are Petition proceedings. Otherwise, Cintas avers that this paragraph is a correct albeit very summary description but that this paragraph is irrelevant for the reasons set forth in Cintas' Brief submitted herewith.

19 Denied as to the phrase "each Arbitration Action"; each is a Petition proceeding. Denied as to the entire paragraph, as irrelevant, in that the circumstances noted about the ERISA claims would be exactly the same if the Respondents in the Petition proceedings had done at the outset what they agreed to do in their enforceable arbitration agreements and what Cintas is entitled to have occur pursuant to those enforceable arbitration agreements. Cintas re-avers here what it has averred in paragraph 2 above.

20. Denied. Cintas avers that the Veliz Action has been brought and pursued in the way it has been, rather than in arbitrations by those persons who had individual arbitration agreements, for the reasons of the intent, plan, motive and design by certain labor unions in order to use the Veliz litigation to pressure Cintas into unionization without the secret ballot election contemplated by applicable law. The labor unions' goals and tactics in that regard – and specifically their state of mind, intent, plan, motive, and design -- are illustrated by their public statements, especially by UNITE (subsequently known as UNITE-HERE), and its President Bruce Raynor, as are shown in the Declaration of Jonnie Hogel (and Exhibits thereto) which is in turn submitted herewith as Exhibit 1 to the Declaration of Mark C. Dosker. This intent, plan, motive, and design – especially the coordinated and ongoing effort to avoid that which each of the individuals who are Respondents to the 70 Petition proceedings has admitted is enforceable and which Judge Armstrong has ruled is enforceable -- is being carried out here by the unions' counsel, who are the same counsel who brought the Veliz Action, and have been paid by the unions for legal services to the unions in the Veliz Action, as illustrated in Exhibits 2-4 to the Declaration of Mark C. Dosker submitted herewith. Just because union-backed counsel (in the guise of representing the Veliz plaintiffs) undertook a plan designed and motivated to gain for the unions perceived leverage over Cintas, and just because that plan and design has thus far failed them, does not mean that Cintas is somehow not entitled to enforcement of its rights under Section 4 of the Federal Arbitration Act. Cintas avers that either way (whether the motion before the Panel is granted or denied) -- as more fully stated in Cintas' Brief submitted herewith – each of the Respondents in the 70 Petition proceedings must arbitrate in the district in which such Petition was filed by Cintas as against each such Respondent.

7

21. Denied for the reasons set forth in Cintas' Brief submitted herewith. And indeed, Cintas avers that – as Judge Armstrong has already ruled – if the persons who are Respondents in the 70 Petition proceedings had initiated and pursued individual arbitrations against Cintas, they could have done so at virtually no cost to themselves. [Docket No. 426 in the Veliz Action].

22. Denied as to the phrase "Arbitration Actions"; they are Petition proceedings and not civil actions. Denied as to the phrase "defendants in the Arbitration Actions"; they are Respondents in those Petition proceedings. Otherwise, Cintas avers here as is stated more fully in its brief submitted herewith.

In conclusion, Cintas notes that silence here as to any remaining averment (if any) in the motion is neither admission of it or acquiescence in it – and Cintas denies each and every remaining averment (if any) in the motion.

Dated: April 26, 2006

Respectfully submitted,

Mark C. Dosker

SQUIRE, SANDERS & DEMPSEY L.L.P.
Mark C. Dosker
Nathan Lane III
Michael W. Kelly
Joseph A. Meckes
Angela N. O'Rourke
Y. Anna Suh
Michelle M. Full
One Maritime Plaza, Third Floor
San Francisco, California 94111
Telephone: (415) 954-0200
Facsimile: (415) 393-9887

Attorneys for
CINTAS CORPORATION

8